ANDREW E. MILLER (BAR NO. 213504)
LORAINE L. PEDOWITZ (BAR NO. 120614)
SARINA SALUJA (BAR NO. 253781)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: amiller@allenmatkins.com
        lpedowitz@allenmatkins.com
        ssaluja@allenmatkins.com

Attorneys for Defendant
Deutsche Bank National Trust Company

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>BRIAN W. DAVIES<br><br>_____<br><br>BRIAN W. DAVIES, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED March 1, 2007, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive,<br><br>Defendants. | Case No. 6:10-BK-37900-TD<br><br>ADVERSARY PROCEEDING<br><br>ADV NO.: 6:11-ap-01001-SC<br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO ADVERSARIAL COMPLAINT OF DEBTOR BRIAN W. DAVIES** |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

Defendant Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E, Under the Pooling And Servicing Agreement dated March 1, 2007, its Assigns and/or Successors In Interest ("Deutsche Bank") hereby files and serves its answer and affirmative defenses to the adversarial complaint, and all claims therein, of plaintiff/debtor Brian W. Davies ("Davies") as follows:

1. In answer to paragraph 1, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

2. In answer to paragraph 2, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

3. In answer to paragraph 3, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

4. In answer to paragraph 4, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

## PARTIES

5. In answer to paragraph 5, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

6. In answer to paragraph 6, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

7. In answer to paragraph 7, Deutsche Bank objects to the description of the entities listed in this paragraph as insufficiently specific, and it is thus unable to admit or deny these allegations.

8. In answer to paragraph 8, Deutsche Bank denies all the allegations therein, except it admits that it has an office located at 1761 East Saint Andrew Place, Santa Ana, California.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-2-

9. In answer to paragraph 9, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

10. In answer to paragraph 10, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. In answer to paragraph 11, Deutsche Bank admits the allegations therein, except that it denies the allegations about "bogus" documents referenced in the footnote to this paragraph.

12. In answer to paragraph 12, Deutsche Bank objects to Davies' characterization of the subject trust, as the documents described in this paragraph speak for themselves.

13. In answer to paragraph 13, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

14. In answer to paragraph 14, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

15. In answer to paragraph 15, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

16. In answer to paragraph 16, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

17. In answer to paragraph 17, Deutsche Bank admits the allegations therein.

18. In answer to paragraph 18, Deutsche Bank denies the allegations therein.

19. In answer to paragraph 19, Deutsche Bank denies the allegations therein.

## THE STYLED "PROMISSORY NOTE AND DEED OF TRUST"

20. In answer to paragraph 20, Deutsche Bank admits the allegations therein.

21. In answer to paragraph 21, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

22. In answer to paragraph 22, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

23. In answer to paragraph 23, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

24. In answer to paragraph 24, Deutsche Bank denies that the indebtedness to the Note remains uncertain, but it lacks sufficient knowledge or belief at this time to know the truth or falsity of the remaining allegations in this paragraph and thus on this ground denies them.

25. In answer to paragraph 25, Deutsche Bank admits the allegations therein.

26. In answer to paragraph 26, Deutsche Bank denies the allegations therein.

27. In answer to paragraph 27, Deutsche Bank denies the allegations therein.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-4-

## CALIFORNIA CENTRAL DISTRICT BANKRUPTCY FILING

28. In answer to paragraph 28, Deutsche Bank objects to that term "Wild Deed Instrument" as vague and ambiguous and thus on this ground denies the allegations in this paragraph, except to the extent that the referenced document speaks for itself.

29. In answer to paragraph 29, Deutsche Bank objects to Davies' characterization of prior filings in this bankruptcy proceeding, as those filings speak for themselves.

30. In answer to paragraph 30, Deutsche Bank objects to Davies' characterization of prior filings in this bankruptcy proceeding, as those filings speak for themselves.

31. In answer to paragraph 31, Deutsche Bank objects to Davies' characterization of prior court rulings in this bankruptcy proceeding, as these rulings speak for themselves.

## CALIFORNIA STATE WRONGFUL FORECLOSURE ACTION

32. In answer to paragraph 32, Deutsche Bank objects to Davies' characterization of the "foreclosure action", as any documents recorded with the Riverside County Recorder's Office during the foreclosure process speak for themselves.

33. In answer to paragraph 33, Deutsche Bank denies the allegations therein.

## THE NOTES ARE SOLD FORWARD, SECURITIZED, INSURED, AND PACKED

34. In answer to paragraph 34, Deutsche Bank denies the allegations therein.

35. In answer to paragraph 35, Deutsche Bank denies the allegations therein.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-5-

36. In answer to paragraph 36, Deutsche Bank denies the allegations therein.

37. In answer to paragraph 37, Deutsche Bank denies the allegations therein.

38. In answer to paragraph 38, Deutsche Bank objects to Davies' characterization of the Notice of Default and Election to Sell under Deed of Trust, as this document and any others recorded with the Riverside County Recorder's Office speak for themselves.

39. In answer to paragraph 39, the allegations therein concerning California Civil Code § 2924 constitute a legal conclusion and thus cannot be admitted or denied as a factual issue, and Deutsche Bank denies the remaining allegations in this paragraph.

40. In answer to paragraph 40, Deutsche Bank denies the allegations therein.

41. In answer to paragraph 41, Deutsche Bank denies the allegations therein.

42. In answer to paragraph 42, Deutsche Bank denies the allegations therein.

## RAST 2007-A5 IS A PRIVATE MORTGAGE BACKED SECURITY FORMED UNDER STRICT COMPLIANCE WITH NEW YORK TRUST LAWS

43. In answer to paragraph 43, Deutsche Bank admits that it is the Trustee of the subject RAST but denies the remaining allegations therein.

44. In answer to paragraph 44, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

45. In answer to paragraph 45, Deutsche Bank objects to Davies' characterization of Trust Agreement, which document speaks for itself.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor
-6-

46. In answer to paragraph 46, Deutsche Bank objects to Davies' characterization of Trust Agreement, which document speaks for itself.

47. In answer to paragraph 47, Deutsche Bank objects to Davies' characterization of Trust Agreement, which document speaks for itself.

48. In answer to paragraph 48, the allegations therein that constitute a legal conclusion cannot be admitted or denied as a factual issue, and Deutsche Bank denies the factual allegations in this paragraph.

49. In answer to paragraph 49, the allegations therein that constitute a legal conclusion cannot be admitted or denied as a factual issue, and Deutsche Bank denies the factual allegations in this paragraph.

50. In answer to paragraph 50, the allegations therein that constitute a legal conclusion cannot be admitted or denied as a factual issue, and Deutsche Bank denies the factual allegations in this paragraph.

51. In answer to paragraph 51, Deutsche Bank denies the allegations therein.

52. In answer to paragraph 52, the allegations therein that constitute a legal conclusion cannot be admitted or denied as a factual issue, and Deutsche Bank denies the factual allegations in this paragraph.

53. In answer to paragraph 53, the allegations therein that constitute a legal conclusion cannot be admitted or denied as a factual issue, and Deutsche Bank denies the factual allegations in this paragraph.

54. In answer to paragraph 54, Deutsche Bank objects to these allegations as incomprehensible and on that ground denies them.

55. In answer to paragraph 55, Deutsche Bank objects to these allegations as incomprehensible and on that ground denies them.

56. In answer to paragraph 56, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-7-

57. In answer to paragraph 57, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

58. In answer to paragraph 58, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

59. In answer to paragraph 59, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

60. In answer to paragraph 60, Deutsche Bank denies the allegations therein.

61. In answer to paragraph 61, Deutsche Bank objects to Davies' characterization of the Assignment, which document speaks for itself, and denies the remaining allegations in this paragraph.

62. In answer to paragraph 62, Deutsche Bank denies the allegations therein.

63. In answer to paragraph 63, Deutsche Bank objects to Davies' characterization of prior court orders, which speak for themselves, and denies the remaining allegations in this paragraph.

64. In answer to paragraph 64, Deutsche Bank denies the allegations therein.

## THE MOTION FOR RELIEF FROM AUTOMATIC STAY INCLUDED FRAUDULENT DOCUMENTS MANUFACTURED FOR THE COURT

65. In answer to paragraph 65, Deutsche Bank denies the allegations therein.

66. In answer to paragraph 66, Deutsche Bank denies the allegations therein.

67. In answer to paragraph 67, Deutsche Bank denies the allegations therein.

68. In answer to paragraph 68, Deutsche Bank denies the allegations therein.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-8-

69. In answer to paragraph 69, Deutsche Bank denies the allegations therein.

70. In answer to paragraph 70, Deutsche Bank objects to Davies' characterization of the PSA, which document speaks for itself.

71. In answer to paragraph 71, Deutsche Bank objects to Davies' characterization of the PSA, which document speaks for itself.

72. In answer to paragraph 72, Deutsche Bank objects to these allegations as incomprehensible and on that ground denies them.

73. In answer to paragraph 73, Deutsche Bank denies the allegations therein.

74. In answer to paragraph 74, Deutsche Bank objects to Davies' characterization of the Custodial Agreement, which document speaks for itself.

75. In answer to paragraph 75, Deutsche Bank denies the allegations therein.

76. In answer to paragraph 76, Deutsche Bank denies the allegations therein.

77. In answer to paragraph 77, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

78. In answer to paragraph 78, Deutsche Bank denies the allegations therein.

79. In answer to paragraph 79, Deutsche Bank denies the allegations therein.

80. In answer to paragraph 80, Deutsche Bank denies the allegations therein.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-9-

# FIRST CLAIM FOR RELIEF

### [Declaratory Relief to Determine an Interest in Property]

### [F.R.B.P. 7001(2) and 7001(9)]

81. In answer to paragraph 81, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

82. In answer to paragraph 82, Deutsche Bank denies the allegations therein.

83. In answer to paragraph 83, Deutsche Bank admits that the Deed of Trust is not null and void, and that the note at issue is secured by the Deed of Trust on the subject property.

84. In answer to paragraph 84, Deutsche Bank admits that it disputes Davies' allegations in the complaint.

85. In answer to paragraph 85, Deutsche Bank denies that Davies has stated, or can state, a legally cognizable claim for declaratory relief.

86. In answer to paragraph 86, Deutsche Bank denies that Davies has stated, or can state, a legally cognizable claim for declaratory relief.

# SECOND CLAIM FOR RELIEF

### [Declaratory Relief to Determine Status of Deutsche Bank Claim]

### [11 U.S.C. § 506 and F.R.B.P. 7001]

87. In answer to paragraph 87, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

88. In answer to paragraph 88, Deutsche Bank denies the allegations therein.

89. In answer to paragraph 89, Deutsche Bank admits that the Deed of Trust is not null and void, and that the note at issue is secured by the Deed of Trust on the subject property.

90. In answer to paragraph 90, Deutsche Bank admits that it disputes Davies' allegations in the complaint.

91. In answer to paragraph 91, Deutsche Bank denies that Davies has stated, or can state, a legally cognizable claim for declaratory relief.

92. In answer to paragraph 92, Deutsche Bank denies that Davies has stated, or can state, a legally cognizable claim for declaratory relief.

### THIRD CLAIM FOR RELIEF
### [As to Defendant DBNTC]
### [15 U.S.C. § 1641(g)]

93. In answer to paragraph 93, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

94. In answer to paragraph 94, Deutsche Bank admits that the Deed of Trust was assigned and recorded with the Riverside County Recorder's office, and as such, the document speaks for itself.

95. In answer to paragraph 95, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

96. In answer to paragraph 96, the allegations therein constitute a legal conclusion and thus cannot be admitted or denied as a factual issue.

97. In answer to paragraph 97, Deutsche Bank admits that it has been assigned the Deed of Trust.

98. In answer to paragraph 98, Deutsche Bank lacks sufficient knowledge or belief at this time to know what documents Davies has or has not "received" (versus what may have been sent to him), but it denies that Davies has stated, or can state, a legally cognizable claim under 15 U.S.C. § 1641(g).

### FOURTH CLAIM FOR RELIEF
### [As to All Defendants]
### [Fraud in Conveyance]

99. In answer to paragraph 99, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-11-

100. In answer to paragraph 100, Deutsche Bank admits that it has been assigned the Deed of Trust and Note.

101. In answer to paragraph 101, Deutsche Bank denies the allegations therein.

102. In answer to paragraph 102, Deutsche Bank denies the allegations therein.

103. In answer to paragraph 103, Deutsche Bank denies the allegations therein.

104. In answer to paragraph 104, Deutsche Bank denies the allegations therein.

105. In answer to paragraph 105, Deutsche Bank denies the allegations therein.

106. In answer to paragraph 106, Deutsche Bank denies the allegations therein.

107. In answer to paragraph 107, Deutsche Bank denies the allegations therein.

### FIFTH CLAIM FOR RELIEF
### [As to All Defendants, et al.]
### [Libel]

108. In answer to paragraph 108, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

109. In answer to paragraph 109, Deutsche Bank denies the allegations therein.

110. In answer to paragraph 110, Deutsche Bank denies the allegations therein.

111. In answer to paragraph 111, Deutsche Bank denies the allegations therein.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-12-

112. In answer to paragraph 112, Deutsche Bank denies the allegations therein.

### SIXTH CLAIM FOR RELIEF
### [As to Deutsche Bank, et al.]
### [Quiet Title]

113. In answer to paragraph 113, Deutsche Bank restates and incorporates its responses to each of the referenced allegations.

114. In answer to paragraph 114, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

115. In answer to paragraph 115, Deutsche Bank lacks sufficient knowledge or belief at this time to know the truth or falsity of these allegations and thus on this ground denies them.

116. In answer to paragraph 116, Deutsche Bank admits that it claims an interest in the subject property.

117. In answer to paragraph 116, Deutsche Bank admits that the Deed of Trust was recorded with the Recorder's Office for the County of Riverside and that Deutsche Bank claims an interest in the subject property.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

118. The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

119. Some or all of the claims in the complaint are barred by the applicable statutes of limitations.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-13-

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Particularity)

120. Davies has failed to plead his fraud claim with sufficient particularity.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel or Waiver)

121. Davies' claims are barred in whole or in part by equitable doctrines estoppel or waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

122. Davies' claims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

123. Davies' claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

124. Davies' claims are barred to the extent that they require the element of lack of good faith, insufficient justification, or the presence of malice or evil motive because the acts allegedly performed by or on behalf of Deutsche Bank as alleged in the complaint, if they occurred, were performed reasonably and in good faith, without malice, or any evil motive whatsoever, and were based upon legally-sufficient justification and founded on all relevant facts and circumstances known by Deutsche Bank at the time they so acted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Insufficient Allegations for Punitive Damages)

125. Davies' prayer for punitive damages is barred because the complaint fails to state a claim upon which punitive damages can be granted.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

884589.01/LA

Answer and Affirmative Defenses of Deutsche
Bank to Adversarial Complaint of Debtor

-14-

## NINTH AFFIRMATIVE DEFENSE

### (Uncertain and Indefinite Allegations)

126. Deutsche Bank is unable to ascertain all of the affirmative defenses that may be available to it at this time because the allegations in the complaint are so uncertain and indefinite that it is unable to understand their full nature and character.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

127. Deutsche Bank hereby reserves its right to assert additional affirmative defenses that may be determined during discovery in this action.

## PRAYER FOR RELIEF

WHEREFORE, having answered the complaint, Deutsche Bank requests the following relief:

A. For dismissal with prejudice of the complaint and all claims stated therein;

B. For a judgment that Davies take nothing on his claims and that he be denied any relief sought by this adversarial proceeding;

C. For an award of Deutsche Bank's reasonable attorneys' fees and costs according to proof; and

D. For such other relief as the Court deems just and equitable.

Dated: February 4, 2011

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Andrew E. Miller
Andrew E. Miller
Attorneys for Defendant
Deutsche Bank National Trust Company

| In re: BRIAN W. DAVIES | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 6:11-ap-01001-SC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
515 S. Figueroa Street, 9th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document described **ANSWER AND AFFIRMATIVE DEFENSES OF DEUTSCHE BANK NATIONAL TRUST COMPANY TO ADVERSARIAL COMPLAINT OF DEBTOR BRIAN W. DAVIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 4, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Gary L. Harre                ghcmecf@gmail.com
Loraine L. Pedowitz          lpedowitz@allenmatkins.com
United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov
Patricia J. Zimmermann (TR)  pjztrustee@aol.com

____ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **February 4, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

____ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 4, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Scott C. Clarkson
United States Bankruptcy Court
3420 Twelfth Street
Riverside, CA 92501

____ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/4/11 | Ana Reisner | /s/ Ana Reisner |
|---|---|---|
| Date | Type Name | Signature |

884650.01/LA