ANDREW E. MILLER (BAR NO. 213504)
LORAINE L. PEDOWITZ (BAR NO. 120614)
SARINA SALUJA (BAR NO. 253781)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: amiller@allenmatkins.com
        lpedowitz@allenmatkins.com
        ssaluja@allenmatkins.com

Attorneys for Defendants
DEUTSCHE BANK NATIONAL TRUST
COMPANY

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br>BRIAN W. DAVIES.<br>_____<br><br>BRIAN W. DAVIES, an Individual,<br><br>      Plaintiff,<br><br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED March 1, 2007, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive,<br><br>      Defendants. | Chapter 7<br><br>Case No. 6:10-bk-37900-SC<br><br>Adv. No.: 6:11-ap-01001-SC<br><br>DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date:   May 3, 2011<br>Time:  1:30 p.m.<br>Judge:  Hon. Scott C. Clarkson<br><br>Complaint Filed:  January 11, 2011<br>Trial Date:     September 26, 2011 |

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on May 3, 2011 at 1:30 p.m., or as soon

3    thereafter as the matter may be heard, in the above-entitled Court, Defendant

4    Deutsche Bank National Trust Company, as Trustee of the Residential Asset

5    Securitization Trust 2007-A5, Mortgage Pass-Through Certificates, Series 2007-E,

6    Under the Pooling And Servicing Agreement dated March 1, 2007, its Assigns

7    and/or Successors In Interest ("Deutsche Bank") will bring for hearing before the

8    Honorable Scott C. Clarkson, in Courtroom 5C of the United States Bankruptcy

9    Court, Central District of California, located at 411 W. 4th Street, Santa Ana, CA

10   92701, a Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil

11   Procedure 12(c) and Federal Rules of Bankruptcy Procedure 7012(b) as to all claims

12   for relief in Plaintiff's Complaint.

13       This Motion will be made on the grounds that the Complaint fails to state

14   facts sufficient to constitute a claim against Defendant Deutsche Bank.

15       This Motion is based on this Notice of Motion and Motion, the Memorandum

16   of Points and Authorities submitted herewith, the pleadings, papers and records on

17   file in this action, and such oral argument as may be presented at the time of the

18   hearing.

19

20   Dated:  April 5, 2011        ALLEN MATKINS LECK GAMBLE
                                   MALLORY & NATSIS LLP
21                                 ANDREW E. MILLER

22                                 By:____/s/ Andrew E. Miller____

23                                    ANDREW E. MILLER
                                      Attorneys for Defendants
24                                    DEUTSCHE BANK NATIONAL
                                      TRUST COMPANY

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

Plaintiff defaulted on his mortgage yet seeks to utilize the resources of this Court to help him avoid the contractual and statutory consequences of his default. Only after his default has he now complained about the deed of trust that he himself signed.  Plaintiff has asked this Court, without any legal basis, to issue an order rendering the deed of trust "null and void" and to vest ownership the property in him free and clear of his debt of over $500,000.

Plaintiff's Complaint alleges the following six causes of action against Deutsche Bank: (1) Declaratory Relief to Determine Interest in Property; (2) Declaratory Relief to Determine Status of Deutsche Bank Claim; (3) 15 U.S.C. § 1641(g); (4) Fraud in Conveyance; (5) Libel; and (6) Quiet Title.  Plaintiff's Complaint is devoid of any factual or legal basis to support any of these claims. Thus, Defendant Deutsche Bank's Motion for Judgment on the Pleading should be granted.

**II.    STATEMENT OF RELEVANT FACTS.**

The allegations in the Complaint are vague and are asserted against a variety of companies that are not even defendants to this action.  It is thus difficult for Deutsche Bank to discern what claims it is supposed to defend against.  But the relevant facts are as follows:

- On or about November 16, 2006, Plaintiff Brian W. Davies obtained a first mortgage loan in the amount of $441,350.00, secured by a first priority Deed of Trust on the real property located at and commonly known as 43277 Sentiero Drive, Indio, California ("the Subject Property) (Complaint ¶ 12, 20; Request for Judicial Notice ("RJN") ¶ 1-2, Exs. 1-2.)

- On or about November 16, 2006, Plaintiff obtained a second mortgage loan in the amount of $110,300.00, secured by a second priority Deed of Trust against the Subject Property.  (Complaint ¶ 25; RJN ¶ 3, Ex. 3.)

- As identified in the both the first and second priority Deeds of Trust, Plaintiff's lender was Universal American Mortgage Company of California, and MERS served as Universal American Mortgage Company of California's nominee beneficiary.  (RJN ¶ 1-3, Exs. 1-3.)

- On July 2009, a Notice of Default and Election of Sale was recorded on the Subject Property.  (RJN ¶ 4, Ex. 4.)

- On August 2009, an Assignment of Deed of Trust was recorded, showing that MERS assigned all beneficial interest of the Deed of Trust to Defendant Deutsche Bank, as trustee.  (RJN ¶ 5, Ex. 5.)

- On October 30, 2009, a Substitution of Trustee was recorded substituting NDEx, West, LLC for trustee under the Deed of Trust.  (RJN¶ 6, Ex. 6.)

- On August 30, 2010 a Notice of Trustee's Sale was recorded with a sale set for September 1, 2010.  (RJN¶ 7, Ex. 7.)

- On August 31, 2010, Plaintiff filed a Chapter 7 Bankruptcy, Case No. 6:10-BK-37900.  (Complaint ¶ 65.)

The remainder of Plaintiff's Complaint consists of unsupported rambling, with allegations regarding Deutsche Bank's alleged fraudulent claims, without specification as to what claims Plaintiff is referring to.  (Complaint ¶ 19.)  Further, Plaintiff alleges that "[Deutsche Bank's] fraudulent claims are facilitated by using these 'Wild Deed Instruments.'"  (Complaint ¶ 19.)  As detailed below, Plaintiff's claims regarding fraud as to Deutsche Bank do not reach the heightening pleading standards of Rule 9(b).

## III.    THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED.

### A.    Standard for Review for a Motion for Judgment on the Pleadings.

Federal Rules of Bankruptcy Procedures ("FRBP") Rule 7012(b) provides that the Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)-(i) apply in adversary proceedings. F.R.B.P. § 7012(b).  A FRCP 12(c) motion for judgment on the pleadings is governed by the same standards as a motion under FRCP 12(b)(6). *See Wilson v. City of Fountain Valley*, 372 F. Supp. 2d 1178, 1182 (C.D. Cal. 2004); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 308 n. 8 (5th Cir. 2002); *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).  The court thus may construe such a motion as a motion to dismiss or as a motion for judgment on the pleadings.

In order to state a claim for relief as defined under FRCP 8, a "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000); F.R.B.P 7008 (stating that FRCP 8 applies to adversary proceedings.)  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 5  44, 555 (2007).  Dismissal under Fed. R. Civ. P. 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a motion brought under FRCP 12(c) or FRCP 12(b)(6), a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether the plaintiff can prove any facts necessary to support a claim for relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions

1    cannot be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness*

2    *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

3    **B.    Plaintiff's Claim for "Declaratory Relief to Determine Interest in**

4    **Property" Fails.**

5    Plaintiff's first claim for relief is for declaratory relief to determine an interest

6    in property.[1] This Court can only enter declaratory relief where "there is a case of

7    actual controversy within its jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d

8    142, 143 (9th Cir. 1994). A controversy is sufficient to warrant declaratory relief

9    only where it is a "substantial … [or] of sufficient immediacy and reality to warrant

10   the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*,

11   312 U.S. 270, 273 (1941). The "controversy must be *definite* and concrete …

12   admitting of *specific relief* through a decree of a conclusive character." *Aetna Life*

13   *Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937) (emphasis

14   added). Moreover, when "the declaratory relief Plaintiffs seek is entirely

15   commensurate with the relief sought through their other causes of action…Plaintiffs'

16   declaratory relief claim is duplicative and unnecessary." *Mangindin v. Washington*

17   *Mut. Bank*, 637 F.Supp.2d 700, 707-708 (N.D. Cal. 2009).

18   As a preliminary matter, Plaintiff's Complaint alleges no facts suggesting the

19   existence of an actual controversy between Plaintiff and Deutsche Bank. The

20   Complaint merely claims that "[a]n actual controversy exists between Plaintiff and

21   Defendants with regard to the validity, nature and extent of their interests in the

22   'Subject Property'" (See Complaint ¶ 85.) Such an allegation is purely conclusory,

23   and should be ignored by the Court. *Associated Gen. Contractors. of Am.*, 159 F.3d

24   at 1181; *see also Clegg*, 18 F.3d at 754-55 ("[T]he court is not required to accept

25

26

27   _____

28   [1] Plaintiff's citation to Federal Rules of Bankruptcy Procedure 7001(2) and 7001(9) refer to types of adversary proceedings and do not set forth a cause of action. Thus, Deutsche Bank does not respond to these Rules.

1  legal conclusions cast in the form of factual allegations...") Thus, Plaintiff's first

2  claim for relief should be dismissed.

3      **C.    Plaintiff's Claim for "Declaratory Relief to Determine Status of**

4          **Deutsche Bank Claim" Fails.**

5      Plaintiff's second claim for relief is for declaratory relief to determine status

6  of the Deutsche Bank['s] Claim.  As stated above, This Court can only enter

7  declaratory relief where "there is a case of actual controversy within its jurisdiction."

8  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  Plaintiff's

9  Complaint alleges no facts suggesting the existence of an actual controversy.  The

10  Complaint merely claims that "[a]n actual controversy exists between Plaintiff and

11  [Deutsche Bank] with regard to the status of its claim as secured, unsecured or

12  void."  (See Complaint ¶ 91.)  Such an allegation is purely conclusory, and should

13  be ignored by the Court.  *Associated Gen. Contractors. of Am.*, 159 F.3d at 1181;

14  *see also Clegg*, 18 F.3d at 754-55 ("[T]he court is not required to accept legal

15  conclusions cast in the form of factual allegations...")  Thus, Plaintiff's second claim

16  for relief should be dismissed.

17      **D.    Plaintiff's Claim for "15 U.S.C. § 1641(g)" Fails.**

18      Plaintiff's third claim for relief is for a violation of the Truth in Lending Act

19  ("TILA"), codified at 15 U.S.C. § 1641(g), alleging that when the deed of trust was

20  assigned to Deutsche Bank, Plaintiff should have been provided notice as stated in

21  the code.  (Complaint ¶ 94.)  Plaintiff then alleges that because he was not given

22  notice that MERS assigned the Deed of Trust to Deutsche Bank, he was somehow

23  damaged.  (Complaint ¶ 98.)

24      Plaintiff fails to state a claim under TILA for several reasons.  First, Plaintiff's

25  allegations are vague and conclusory and do not comply with the requirements set

26  forth in Rule 8.  Here Plaintiff alleges that Deutsche Bank failed to notify him of the

27  Assignment of Deed of Trust, but the Complaint contains no allegations to

28  demonstrate that Deutsche Bank is a "creditor that is the new owner or assignee of

1  the debt," such that the notification would apply.  15 U.S.C. § 1641(g).  In absence

2  of specific allegations showing that Deutsche Bank had a duty notify Plaintiff

3  pursuant to Section 1641(g), Plaintiff cannot state a claim for a TILA violation.

4  *Sakala v. BAC Home Loans Servicing*, LP, 2011 U.S. Dist. LEXIS 17890, *24-26,

5  (D. HI.) (Feb., 22, 2011.).  Second, even if the notification requirement did apply to

6  Deutsche Bank, the Assignment of Deed of Trust reflects that MERS transferred all

7  beneficial interest under the Deed of Trust  on or around August 20, 2009.  (RJN

8  ¶ 5, Ex. 5.)  Thus, Plaintiff's claim would have accrued thirty days after, when

9  Deutsche Bank allegedly failed to provide notice.  15 U.S.C §1641(g)(1).  Plaintiff

10  filed this Complaint on January 11, 2011, over a year after Plaintiff's cause of action

11  would have accrued.  *Beall v. Quality Loan Serv. Corp*, 2011 U.S. Dist. LEXIS

12  29184, *20 (S.D. Cal. 2011) *citing* 15 U.S.C. §1640(e) (requiring claims for

13  violations of TILA to be brought within one year from the date of occurrence of the

14  violation.)  Thus, Plaintiff's fails to state a claim against Deutsche Bank, and should

15  be dismissed.

16      **E.**      **Plaintiff's Claim for "Fraud in Conveyance" Fails.**

17      Plaintiff's fourth claim for relief is for fraud in conveyance.  First of all,

18  "fraud in conveyance" is not a cause of action.  Plaintiff has no legal or factual

19  support for such claim for relief.  Assuming *arguendo* that "fraud in conveyance" is

20  a cause of action, allegations of fraud must meet the heightened pleading standards

21  of FRCP 9(b), which requires allegations of "particular facts going to the

22  circumstances of the fraud, including time, place, persons, statements made and an

23  explanation of how or why such statements are false or misleading."  A plaintiff

24  must include "the who, what, when, where, and how of the fraud." *Vess v. Ciba-*

25  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citation omitted).

26  A "plaintiff must set forth what is false or misleading about a [specific] statement,

27  and why it is false." *Decker v. Glenfeld, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994);

28  F.R.B.P. 7009 (stating that FRCP 9 applies to adversary proceedings.)  Further,

1 │ "[w]here multiple defendants are asked to respond to allegations of fraud, the

2 │ complaint must inform each defendant of his alleged participation in the fraud."

3 │ *Ricon*, 2009 WL 2407396, *3 (S.D. Cal. 2009); *Swartz v. KMPG LLP*, 476 F.3d

4 │ 756, 764-65 (9th Cir. 2007) ("[R]ule 9(b) does not allow a complaint to merely lump

5 │ multiple defendants together but 'require[s] plaintiffs to differentiate their

6 │ allegations … and inform each defendant separately of the allegations surrounding

7 │ his alleged participation in the fraud.' [A] plaintiff must, at a minimum, 'identif[y]

8 │ the role of [each] defendant[] in the alleged fraudulent scheme.'") (internal citation

9 │ omitted).

10 │     Here, Plaintiff has failed to allege his fourth claim for relief "fraud in

11 │ conveyance" with the requisite particularity.  Plaintiff alleges that Deutsche Bank

12 │ "falsely represented to Plaintiff that they received valid assignment of 'Deed of

13 │ Trust' and enforceable endorsement of the 'Promissory Note' to procure payment

14 │ from Plaintiff" (Complaint ¶ 104.)  Aside from the fact that this argument is

15 │ irrelevant, these allegations fail to meet the "who, what, when, where, and how" test

16 │ articulated by the *Vess* court.  Instead, they presuppose the alleged falsity of the

17 │ purported misrepresentations, thereby failing as conclusory allegations.  *Associated*

18 │ *Gen. Contractors. of Am.*, 159 F.3d at 1181.  Further, Plaintiff does not specifically

19 │ identify *which* alleged misrepresentation and *why* the representation was false, as

20 │ required by the *Decker* court.  Nowhere does Plaintiff allege any facts regarding any

21 │ of the alleged misrepresentations allegedly made by Deutsche Bank.

22 │     Moreover, regardless of whether Deutsche Bank misrepresented their interest

23 │ in the Deed of Trust (which it did not do), Plaintiff's alleged damages contradict the

24 │ other allegations in the Complaint.  Plaintiff claims that Deutsche Bank's

25 │ unspecified false representation caused it to "procure payments from Plaintiff's that

26 │ they were not entitled to receive." (Complaint ¶ 105.)  MERS assigned the Deed of

27 │ Trust to Deutsche Bank in August 2009.  (RJN ¶ 5, Ex. 5.)  The Notice of Default

28 │ was recorded on July 14, 2009.  (RJN ¶ 4, Ex. 4.)  Plaintiff has not alleged that he

1  has made any payments after the Notice of Default was recorded, thus payments

2  made on the loan, if any, could not have been "procured" by Deutsche Bank, as

3  Plaintiff alleges.  For the reasons stated above, Plaintiff's claim for "fraud in

4  conveyance" fails to state a claim and should be dismissed.

5     **F.    Plaintiff's Claim for "Libel" Fails.**

6        Plaintiff's fifth claim for relief is for libel, and is based upon the non-specific

7  allegation that "[t]he conduct of Defendants constitutes libel that tends to defame,

8  disparage, and injury Plaintiff in his business and reputation and has also cause pain

9  and suffering . . . from approximately July 209 to present."  (Complaint ¶¶ 109-110.)

10  Plaintiff fails to specify which "Defendants" and fail to specific what damages, if

11  any, he has suffered, and thus Plaintiff's allegations are completely insufficient to

12  state a claim against Deutsche Bank.

13        A cause of action for defamation can only be supported where a plaintiff

14  alleges:  (1) a publication; (2) that is false; (3) defamatory; (5) unprivileged; and

15  (5) has a natural tendency to injure or causes special damages.  *See Seelig v. Infinity*

16  *Broadcasting Corp.*, 97 Cal.App.4th 798, 809 (2002); *Smith v. Maldonado*, 72

17  Cal.App.4th 637, 645 (1999).  The defamatory matter must be "published" by a

18  defendant, i.e. communicated to a third party who understands its defamatory

19  meaning and application to a plaintiff.  *Ringler Assoc. v. Maryland Cas. Co.*, 80

20  Cal.App.4th 1165, 1179 (2000).  Finally, to be actionable, the publication must be in

21  fact made by the defendant.  *See Matson v. Dvorak*, 40 Cal.App.4th 539, 549 (1995)

22  (Individual who did not *personally* publish defamatory statement not liable.).

23        Here, Plaintiff has alleged essentially none of the elements of a cause of

24  action for defamation.  Absent specific allegations addressing each element of a

25  cause of action for defamation as against Deutsche Bank, Plaintiff's claims must fail.

26  *Seelig*, 97 Cal.App.4th at 798; *Ringler Assoc.*, 80 Cal.App.4th at 1179.  Thus, the

27  fifth claim for relief should be dismissed.

28

1    **G.    Plaintiff's Claim to "Quiet Title" Fails.**

2    Plaintiff's sixth claim for relief is for quiet title.  The pleading requirements

3  for a cause of action for quiet title are set forth in Code of Civil Procedure

4  § 761.020.  A claim must allege: (a) a description of the property, including the legal

5  description and street address; (b) the title of the plaintiff as to which a

6  determination is sought; (c) the adverse claims to the title of plaintiff; (d) the date as

7  of which the determination is sought; and (e) a prayer for the determination of title

8  of plaintiff as against the adverse claims.  Plaintiff's Complaint does not set forth all

9  of the required elements.  The claim is therefore invalid and should be dismissed.

10    More importantly, Plaintiff has not alleged any facts that would entitle him to

11  a quiet title claim against Deutsche Bank.  From the sparse pleading, it is difficult to

12  discern exactly what claims Plaintiff bases his quiet title claim on.  To the extent

13  that Plaintiff's quiet title claim is based on his other claims alleging violation of

14  TILA or Libel, Deutsche Bank has already demonstrated that the claims are

15  meritless.

16    Furthermore, the law is settled that "a mortgagor may not quiet title against a

17  mortgage unless and until he pays his debt secured by the mortgage." *Beall v.*

18  *Quality Loan Serv. Corp*, 2011 U.S. Dist. LEXIS 29184, *9 (S.D. Cal. 2011) (citing

19  Newman v. Cornelius, 3 Cal. App. 3d 279, (Ct. App. 1970.); *Kays v. Bundy,* 92

20  Cal.App.2d 497, 499 (1949) (citing *Fontana Land Co. v. Laughlin,* 199 Cal. 625,

21  639 (1926)).  Plaintiff has not alleged that he has kept current on his mortgage, nor

22  alleged his ability to tender repayment.  The claim for quiet title must therefore be

23  dismissed.

24
25
26
27
28

1 **IV.**    **CONCLUSION.**

2     This is nothing more than a groundless foreclosure avoidance action. For the

3 foregoing reasons, Deutsche Bank respectfully requests that its Motion for Judgment

4 on the Pleading be granted.

5

6 Dated: April 5, 2011                 ALLEN MATKINS LECK GAMBLE

7                             MALLORY & NATSIS LLP
ANDREW E. MILLER

8                             LORAINE L. PEDOWITZ
SARINA SALUJA

9                          By:     */s/ Andrew E. Miller*

10                              ANDREW E. MILLER
Attorneys for Defendants

11                             DEUTSCHE BANK NATIONAL
TRUST COMPANY

1    **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list
2    any person or entity in Category I.

     Proposed orders do not generate an NEF because only orders that have been entered
3    are placed on the CM/ECF docket.

4    ### PROOF OF SERVICE OF DOCUMENT

5    I am over the age of 18 and not a party to this bankruptcy case or adversary
     proceeding. My business address is: 515 South Figueroa Street, Ninth Floor, Los
6    Angeles, CA 90071

7    A true and correct copy of the foregoing document described as DEFENDANT
     DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR
8    JUDGMENT ON THE PLEADINGS will be served or was served **(a)** on the judge
     in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
9    manner indicated below:

10   **I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC
     FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy
11   Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and
     hyperlink to the document. On April 5, 2011 I checked the CM/ECF docket for this
12   bankruptcy case or adversary proceeding and determined that the following
     person(s) are on the Electronic Mail Notice List to receive NEF transmission at the
13   email address(es) indicated below:

14   • Gary L Harre    ghcmecf@gmail.com

15   • United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

16   • Patricia J Zimmermann (TR)    pjztrustee@aol.com, pzimmermann@ecf.epiqsystems.com

17
                                                ☐ Service information
18   continued on attached page

19   **II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each
     person or entity served):**
20   On April 5, 2011, I served the following person(s) and/or entity(ies) at the last
     known address(es) in this bankruptcy case or adversary proceeding by placing a true
21   and correct copy thereof in a sealed envelope in the United States Mail, first class,
     postage prepaid, and/or with an overnight mail service addressed as follows. Listing
22   the judge here constitutes a declaration that mailing to the judge will be completed
     no later than 24 hours after the document is filed.

23
     Via FedEx
24   Hon. Scott C. Clarkson
     U.S. Bankruptcy Court
25   Central District of California
     411 West Fourth Street, Room 5C
26   Santa Ana, CA 92701
                                                ☐ Service information
27   continued on attached page

28

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 5, 2011 | Marcella Lyons | /s/ Marcella Lyons |
|---|---|---|
| *Date* | *Type Name* | *Signature* |