**GLOBAL CAPITAL LAW, P.C.**
Gary Harre, ESQ. (Bar No. #86938)
Diane Beall, ESQ. (Bar No. #86877)
8700 Warner Ave., Suite 200
Fountain Valley, CA 92708
Phone: (714) 907-4182
Fax:    (714) 907-4175
Email: ghcmecf@gmail.com

Attorney for Debtor and Plaintiff, Brian W Davies

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>BRIAN W. DAVIES;<br><br>            Debtor.<br>_____<br>BRIAN W. DAVIES, an individual;<br><br>            Plaintiff,<br>vs.<br><br>Deutsche Bank National Trust Company As Trustee Of The Residential Asset Securitization Trust 2007-A5; et.al.<br><br>            Defendants. | bk Case No.: **6:10-bk-37900**<br>ap Case No.: **6:11-ap-01001**<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.<br><br>Date: May 3, 2011<br>Time: 1:30<br>Room:5C  Santa Ana Federal Court<br><br>Hon. Scott C. Clarkson |

**TO THE HONORABLE COURT, DEFENDANT AND ITS ATTORNEY OF RECORDS AND ALL INTERESTED PARTIES:**

Pursuant to Federal Rules of Civil Procedures, ("FRCP") 12(c) and 56, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure, ("FRBP")

-1-
------------------------------------------------------------------------------------------------------------------------

Rules 7012 and 7056. Plaintiff, Brian W. Davies (hereinafter "Davies"), through his undersigned counsels, respectfully moves this Court for Motion for Judgment on the Pleadings or alternatively for Summary Adjudication and Judgment against Defendant Deutsche Bank National Trust Company, as Trustee (hereinafter "DBNTC" or "Defendant") of the Residential Asset Securitization Trust 2007-A5, Mortgage Pass-Through Certificates Series 2007-E, under The Pooling and Servicing Agreement dated March 1, 2007 (hereinafter "RAST 2007-A5" or "Subject MBS Trust").

Plaintiff respectfully requests this Court to grant this Motion because there is no material issue of fact and judgment should be entered on the basis of laws.

This motion is based upon this Notice of Motion, Memorandum of Points and Authorities, Request for Judicial Notices on file and docketed, other papers on filed herewith, and upon such other oral and documentary evidence presented at the hearing.

DATED: 04/04/2011                    Global Capital Law, P.C.

                                     _____
                                     By: Gary Harre, Esq.
                                     Attorneys for Plaintiff, Brian W, Davies

---
PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Brian W. Davies ("Plaintiff" or "Davies") submits the following Memorandum of Points and Authorities in support of this motion.

## I. STATEMENT OF FACTS

Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Title 11 of the United State Code in Central District of California, Riverside Division, Case No. 6:10-bk-37900 on August 31, 2010 (hereinafter "BK Case"). The trustee has filed an abandonment of all claims and there have been no timely objection. *See* Complaint ¶4.

Defendant DBNTC held itself as the Trustee of the Subject Trust, who is holding title for the benefit of the Subject Trust by way of assignment of Deed of Trust. *See* RJN#1 Exhibit #2 (Pooling and Servicing Agreement (hereinafter "PSA")) page 1/210; Complaint ¶¶11 and 17 and Answer ¶¶11 and 17.

On or about November 16, 2006, Plaintiff signed what is represented to be a promissory note payable to Universal American Mortgage Company of California (hereinafter "UAMCC"), and the purported security interest is in the form of Deed of Trust (hereinafter "DOT") recorded in the official records of the Riverside County Instrument No. 2006-0853245. *See* Request for Judicial Notice (hereinafter "RJN") #2, ex. 1; Complaint ¶¶ 20 and 25 and Answer ¶20 and 25. *See also* RJN #5 ex. A1, A2.

Onewest Bank FSB, (hereinafter "Onewest") and Onewest as servicing agent for DBNTC filed two Motions for Relief from Automatic Stay, (hereinafter "MFRS") under 11 U.S.C. §362. *See* BK Case docket 29 and 49; Complaint ¶¶ 29 and 30; Answer ¶¶ 29 and 30.

---
PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

The combined MFRS were heard before the Hon. Thomas B. Donovan on November 18, 2010 and the Court denied the MFRS making Finding of Fact that Onewest Bank [29] and Onewest Bank as agent for Deutsche Bank [49] lack "Standing", and that Movant's Declaration lack credibility, having signed both as an employee of Movant and an agent for MERS. *See* BK Case docket 64: Complaint ¶31; Answer ¶31. *See also* RJN #5 ex. C.

As this is a motion for judgment on the pleadings, the court is to look at the allegations found in the four corners of the Plaintiffs' complaint and related Documents Judicially Noticed, and before the Court.

## II.  STANDARD REVIEW: FED R. CIV. P. 12(C)

After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings, Fed. R. Civ. P. 12(c); S&S Constr., Inc. v. Reliance Ins. Co., 42 F. Supp.2d (D.S.C. 1998). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law, Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002) (citing United States v. Any 8a All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000)), on the pleadings, a district court must "'accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the non moving party, drawing all inferences in [their] favor." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)).

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b) (6) motion to dismiss are virtually interchangeable, See William W. Schwarzer, et al., Federal Civil Procedure Before Trial § 9:319 (2003). In fact, the same standard applies to both,  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d

1542, 1550 (9th Cir.1989) (stating standard for motion for judgment on the pleadings); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988) (stating standard for motion to dismiss).

A court may grant a motion for judgment on the pleadings when no genuine issues of material fact remain and the case or selected claims can be decided as a matter of law. Id.  The court may, however, take judicial notice of facts not contained in the complaint without converting the motion into that for summary judgment. In re: FAC Realty Secs. Litigation, 990 F.Supp. 416 (E.D.N.C. 1997) (in 12(b)(6) motion, written materials not attached to complaint or incorporated by reference but integral to allegations of complaint and known to non-moving party).

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  The moving party bears the ultimate burden of proof to establish that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. Carrington v. City of Des Moines, Iowa, 481 F.3d 1046, 1050-51 (8th Cir. 2007).

//

**III.   ARGUMENT**

    **1.)   First Claim for Relief**, Declaratory Relief to Determine an Interest in Property F.R.B.P. 7001(2) and F.R.B.P.7001 (9); and

    **2.)   Second Claim for Relief**, Declaratory Relief to determine status of DBNTC Claim 11 U.S.C. § 506 and F.R.B.P. 7001.

//

PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

**JUDICIAL ESTOPPEL AND COLLATERAL ESTOPPEL**

The Supreme Court has fashioned a three pronged test for whether judicial estoppel should apply: (1) whether a party's later position is clearly inconsistent with its position in a prior case; (2) whether the party succeeded in persuading the first court to accept its position, creating "the perception that either the first or the second court was misled;" and (3) whether the party espousing the inconsistency has gained an unfair advantage or imposed an unfair detriment on an opposing party by that means. City of Arlington v. Reed, slip op., p. 5, discussing New Hampshire v. Maine, 532 U.S. 742 (2001).

On November 18, 2010, Honorable Thomas B. Donovan conducted a hearing on the combined MFRS brought by Onewest and Onewest as agent for DBNTC.  Onewest provided the following documents:  1.) Real Property Declaration by "Assistant Vice President " of Movant "Brian Burnett" in Austin, Texas on September 20, 2010; 2.) Proof of Service, by "Angela Milliman" of Bloomfield Hills, Michigan, mailed September 23, 2010; 3.) "TitlePoint Tax Search," printed on "7/2/2009; 4.)  Deed of Trust (hereinafter "DOT"), recorded "11/17/2006" 5.) Note dated 11/16/ 2006 containing multiple endorsements and an apparent allonge; 6.) Assignment of Deed of Trust dated 9/20/2010.  *See* Pacer doc 29, 49; Complaint ¶¶28 and 29; Answer ¶¶28 and 29.

On January 7, 2010 the Court made its finding of fact that various assignments of the DOT purportedly assigning beneficial interest in the subject DOT along with the note to DBNTC was not credible and concluded that "Onewest" in its own capacity and "Onewest as servicing agent acting on behalf of DBNTC" had no legal standing.  Therefore **the Court denied the MFRS** on the basis that Onewest in its own capacity and as agent for DBNTC did not have legal

standing based on records provided. *See* Pacer Doc 64 ORDER; *See also* Complaint ¶¶30 and 31; Answer ¶¶30 and 31.

Three weeks after the filing of Plaintiff's Chapter 7 petition and on 9 20/2010, the assignment of Deed of Trust filed was recorded. *See* Complaint ¶65; Answer ¶65; *See also* Docket 29, Ex. #3. Such Assignment of the Deed of Trust represents that Mortgage Electronic Registration Systems, Inc.("MERS") as a purported nominee for Universal American Mortgage Company of California (hereinafter "UAMCC") transferred beneficial interest in the Deed of Trust along with the Note to Defendant DBNTC. However, UAMCC: 1) had no ownership interest to assign (*See* RJN #3 ex. A), 2) was not a MERS member (*See* RJN#3 ex. B), 3) Plaintiff's filed his petition, and 4) " Onewest" and "Onewest as the agent of DBNTC" was in privity, the issue of standing was litigated, the order was appealable, and the determination of standing was essential to the judgment.

In applying the judicial estoppel doctrine in this case DBNTC's position in its MFRS was based purely on the assignment of the Deed of Trust by MERS as a nominee for UAMCC. Clearly, DBNTC's took a different position in its answer in asserting its position as beneficiary under the DOT.

The issue of whether DBNTC has interest as beneficiary under the DOT by and assignment on 9/20/2010 has been litigated before Judge Donovan. Clearly the finding of facts and law was issued by the Court concluding that DBNTC has no legal standing. To date, no new evidence was introduced by DBNTC. Essentially, DBNTC's answers to the complaint looking to relitigate the facts before a different judge and the collateral estoppel doctrine bar such relitigagtion because DBNTC has no legal standing, as adjudicated by the bankruptcy court.

This AP seeks to have a judgment that DBNTC has no interest in the property. Therefore, judgment on the pleadings is appropriate and should be

granted. Furthermore, DBNTC as Trustee holds title for the benefit of a Trust that has been closed for over 3 years. Such inconsistency is judicially stopped by the judicial finding on January 7, 2011 by Hon. Judge Thomas B. Donovan herein that DBNTC has no legal standing. Therefore, DBNTC has no interest in the property under F.R.B.P. 7001(2) and 7001(a).

### 3.    THIRD CLAIM FOR RELIEF 15 U.S.C. 1641(g)

Plaintiff alleges and Defendant admits that Deutsche Bank received an assignment of the Deed of Trust by MERS as a nominee of Universal American Mortgage Company of California on September 20, 2010, and the deed of trust was assigned and recorded in the Riverside Land Title Records and that such document speaks for itself. *See* Complaint ¶94; Answer ¶94.

Such an assignment was done after the filing of the Plaintiff's Bankruptcy Case. Plaintiff alleges that transfer of the Deed of Trust as proffered on September 20, 2010 is subject to 15 U.S.C. § 1641. Defendant lack sufficient knowledge or belief at this time to know what documents have been sent to Plaintiff. Plaintiff's allegations of the violation of 15 U.S.C. § 1641 should be judged as violated. *See* Complaint ¶95; Answer ¶95.

### 4.    FOURTH CLAIM OF RELIEF "FRAUD IN CONVEYANCE"

RAST 2007-A5 was formed by Agreement under New York Trust Laws and any Assignment into the Trust over Two Years after Closing is prohibited transaction. *See* RJN # 1, ex. #2, Pooling and Servicing Agreement (hereinafter "PSA")); *See also* PSA 56/210. Deutsche Bank National Trust Company is the Trustee of RAST 2007-A5. *See* Complaint ¶ 43; Answer ¶43.

The Securities and Exchange documents filed for RAST 2007-A5 list Indymac Bank FSB as the Sponsor, Seller, and Servicing Agent of "RAST 2007-A5". See PSA 1/210. The Pooling and Servicing Agreement ("PSA) was formed under New

--------------------------------------------------------------------------------------------------------------------------------
PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

York Trust Laws. *See* PSA 117/210. "RAST 2007-A5" was formed on March 1, 2007 by the execution of the Trust Agreement. *See* PSA 22/210. The Trust's closing date was March 29, 2007. *See* PSA 20/210. The Trust is a common law trust created pursuant to the laws of the State of New York, and its existence and actions are **governed and controlled by New York law**.

New York trust law is ancient and well-settled with respect to the determination of whether an asset is trust property. Under New York law, the analysis of whether an asset is trust property is determined under the law of gifts See, e.g., In re: Becker, 2004 N.Y. Slip Op. 51773U, 4 (N.Y. Sur. Ct. 2004) ("In the case of a trust where there is a trustee other than the grantor, transfer will be governed by the existing rules as to intent and delivery (the elements of a gift)."). In order to have a valid inter vivos gift, there must be a **delivery of the gift** (either by a physical delivery of the subject of the gift) or a constructive or symbolic delivery (such as by an instrument of gift) sufficient to divest the donor of dominion and control over the property  (see, Matter of Szabo, 10 N.Y.2d 94, 98-99, supra; Speelman v. Pascal, 10 N.Y.2d 313, 318-320, supra; Beaver v Beaver, 117 NY 421, 428-429, supra; Matter of Cohn, 187 App. Div. 392, 395) as cited in Gruen v. Gruen, 68 N.Y.2d 48, 56 (N.Y. 1986) and "what is sufficient to constitute delivery 'must be tailored to suit the circumstances of the case.

**The delivery rule requires that "'[the] delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit**. Vincent v. Rix, 248 N.Y. 76, 83; Matter of Van Alstyne, supra, at p 309; see, Beaver v. Beaver, supra, at p 428) as cited in Gruen v. Gruen, 68 N.Y.2d 48, 56-57 (N.Y. 1986).

New York law is also settled that (1) "Until the delivery to the trustee is performed by the settlor, or until the securities are definitely ascertained by the

-9-

declaration of the settlor, when he himself is the trustee, **no rights of the beneficiary in a trust created without consideration arise**", Riegel v. Central Hanover Bank & Trust Co., 266 App. Div. 586; Matter of Gurlitz [Lynde], 105 Misc. 30, aff'd 190 App. Div. 907, supra; Marx v. Marx, 5 Misc. 2d 42) as cited in Sussman v. Sussman, 61 A.D.2d 838 (N.Y. App. Div. 2d Dep't 1978) (2).

The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given, Vincent v. Putnam, 248 N.Y. 76, 82-84 (N.Y. 1928).

Lastly, "under New York law there are four essential elements of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee, Brown v. Spohr, 180 N.Y. 201, 209-210 (N.Y. 1904).

There is no trust under the common law until there is a valid delivery of the asset in question to the trust. Until the delivery to the trustee is performed by the settlor, or until the securities are definitely ascertained by the declaration of the settlor, when he himself is the trustee no rights of the beneficiary in a trust created without consideration arise (Riegel v. Central Hanover Bank & Trust Co., 266 App. Div. 586; Matter of Gurlitz [Lynde], 105 Misc 30, affd 190 App Div 907, supra; Marx v Marx, 5 Misc 2d 42) as cited in Sussman v. Sussman, 61 A.D.2d 838 (N.Y. App. Div. 2d Dep't 1978).

Furthermore, when the trust fails to acquire the property, then there is no trust over that property that may be enforced. In an action against the individual defendant as trustee, based on the theory of breach of fiduciary obligation, the complaint was properly dismissed on the ground that he had acquired no title or separate control of the goods and, hence, there was no actual trust over the property to breach. <u>Kermani v. Liberty Mut. Ins. Co</u>., 4 A.D.2d 603 (N.Y. App. Div. 3d Dep't 1957)

**When New York trust law is applied to the RAST 2007-A5 and the facts of this case, it is apparent that there was never a valid delivery of Plaintiff's Assignment of the Deed of Trust along with the Promissory Note to the Trust, so the Trust may not enforce the Promissory Note.**

According to the terms of the PSA, all promissory notes transferred to the Trust are required to have a complete chain of endorsements from the original payee thereof to either "Blank" or to the Trustee for the specific Trust. *See* PSA Section Article Two Conveyance of Mortgage Loans; Representations and Warranties. *See also* PSA 52-57/210. This means that each promissory note must have the following complete chain of endorsements in order to comply with the Trust's documents and thus fit within the authorization of the Trust's activities.

The PSA requires this **complete chain of endorsements** to be in place by the Trust's closing date or under **no circumstances later than 720 days after the Trust's closing date**. Therefore the last possible day to transfer to the Trust within the terms of the Trust agreement was June 29, 2007. *See* PSA 56/210.

Defendants produced in their MFRS, the true and correct copy of the original, wet-ink, signed note in this case without evidence of a proper chain of title. Using the facts presented using New York trust law, there is no effective transfer of the Plaintiff's Deed of Trust along with the Promissory Note to the Defendant Trust, and

-11-
--------------------------------------------------------------------------------------------------------------------
PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

so the Trust cannot enforce the note. There is no evidence that Plaintiff's Deed of Trust along with the Promissory Note has been securitized, and there is no effective conveyance of Plaintiff's Promissory Note to the Defendant Trust, which has claimed ownership and sought to foreclose by their multiple MFRS.

The PSA Section 2.01 outlines the proper conveyance of the Mortgage Loans. *See* PSA 52/210. The PSA Section 2.02 outlines the Trustee's responsibility to confirm that the proper assignments, e*n*dorsements to show a complete chain of title are to be included and confirmed in writing. *See* PSA 55/210. <u>Exhibit G-1</u> and <u>Exhibit G-2</u> are documents that confirm transfer into the trust by the Depositor Indymac MBS sale into the Trust and Defendant Deutsche Bank acceptance. *See* PSA 171-174/210. <u>Exhibit H</u> is the Form of Final Certification of Trustee, which specifically states that the Trustee certifies that it has received all the documents required to convey a complete chain of title and in accordance with Section 2.02 … it has received: (i) **The original Mortgage Note, endorsed in the form provided in Section 2.01(c) of the Pooling and Servicing Agreement, with all intervening endorsements showing a complete chain of endorsement from the originator to the Seller.(**ii) The original recorded Mortgage. (iii) An executed assignment of the Mortgage in the form provided in Section 2.01(c) of the Pooling and Servicing Agreement; provided.... showing a complete chain of assignment from the originator to the Seller. *See* PSA 175-176/210.

It is clear in the PSA that any assignment done in on September 20, 2010 would not be compliant with the PSA. Further PSA Section 2.02 states that if there is any substitution of the mortgage loan within the first 90 days it would require an "Opinion of Counsel" that the loan would not create any tax implications due to this Trust being a REMIC or Real Estate Mortgage Investment Conduit.

**There is absolute no substitution under any circumstances after 720 days or in the case at bar after March 2009 as the closing date was March 29, 2007**. *See* **PSA 20/210.** The Assignment of the purported Deed of Trust was September 20, 2010. The assignments to Deutsche Bank occurred after this time and would be a **prohibited transaction and thus VOID and considered a fraud in conveyance.**

Plaintiff request that the Court enter a Judgment in his favor: 1) that the Trust is not the owner of his promissory note, 2) that the Trust has no right to foreclose upon his property, and 3) that the Court direct liability in his favor on his claims against the Trust. Further Plaintiff request this Honorable Court to direct he parties acting on the Trust's behalf with respect to his claims regarding the foreclosure action instituted by these parties to stop all actions and that the Court seat a jury for the sole purpose of determining what damages should be awarded against these parties for their wrongful conduct.

### 5.    FIFTH CLAIM FOR RELIEF "LIBEL"

If Plaintiff's Claims for relief in Claims One, Two, Four are held to be accurate and Judgment is in Plaintiff's favor this Claim would be deemed proven.

### 6.    SIXTH CLAIM FORM RELIEF "QUIET TITLE"

If Plaintiff's Claims for relief in Claims One, Two, Four are held to be accurate and Judgment is in Plaintiff's favor this Claim would be deemed proven and Quiet Title would be the remedy.

//

## IV. CONCLUSION

Based on the foregoing reasons Plaintiff request that the Court enter a Judgment in his favor: 1) that the Defendant is not the owner of his promissory note, 2) that the Defendant has no right to foreclose upon his property, 3) that the

---
PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.

Deed of Trust is void and 4) that the Court direct liability in his favor on his claims against the Defendant.    Further Plaintiff request this Honorable Court to direct he parties acting on the Defendant's behalf with respect to his claims regarding the foreclosure action instituted by these parties to stop all actions and that the Court seat a jury for the sole purpose of determining what damages should be awarded against these parties for their wrongful conduct.

DATED: 04/04/2011                                        Global Capital Law, PC


_____

Gary Harre, ESQ.

Attorney for Plaintiff, Brian W, Davies

PLAINTIFF'S NOTICE OF MOTION AND MOTIONS FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY ADJUDICATION AND JUDGMENT AGAINST DEFENDANT, DBNTC AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5.