**GLOBAL CAPITAL LAW, PC**
Gary Harre, Esq. (Bar No. 86938)
Diane Beall, Esq. (Bar No. 86877)
8700 Warner Ave., Suite 200
Fountain Valley, CA 92708
Phone: (714) 907-4182
Fax:    (714) 907-4175
Email: ghcmecf@gmail.com

Attorneys for Plaintiff, Brian W Davies

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION**

| | |
|---|---|
| In re: | **Chapter 7** |
| BRIAN W DAVIES, | **BK No. 6:10-bk-37900-SC** |
| Debtor. | **AP No. 6:11-ap-01001-SC** |
| BRIAN W DAVIES, | |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY.** |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE RESIDENTIAL ASSET SECUITIZATION TRUST 2007-A5, MORTGAGE PASS THROUGH SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED MARCH 1, 2007; et.al. | [ Filed concurrently with Plaintiff's objection to Defendant's RJN #6] |
| | Date:   May 3, 2011 |
| | Time:   1:30 pm |
| | Dept:   ROOM 5C (Santa Ana) |
| | Judge:  Hon. Scott C. Clarkson |
| Defendants. | |

/./././

/././

/././

-1-
_____
PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT
DEUTSCHE BANK NATIONAL TRUST COMPANY.

Plaintiff Brian W. Davies, by and through his attorneys of record, respectfully objects to Deutsche Bank National Trust Company's Motion for Judgment on the Pleadings.  This motion is just a re-litigation of previous judicial findings that Deutsche Bank National Trust Company (hereinafter "DBNTC") has no legal standing in the subject mortgage.  Furthermore, DBNTC is introducing evidence in support of this motion that it did not produced in prior judicial proceeding and withheld such evidence under discovery order and subpoena duces tecum.

**I.**

**DBNTC'S ARGUMENT IN ITS MOTION FOR JUDGMENT ON THE PLEADINGS IS NO MORE THAN AN ATTEMPT TO RE-LITIGATE PRIOR PROCEEDING.**

DBNTC, in its unsupported rambling, conclusory and false representation, never once mentioned the prior proceeding brought by its agent, Onewest Bank, as its corporate alter ego. Plaintiff's complaint clearly placed the outcome of such judicial proceeding at issue that operates as both judicial and collateral estoppels in support of his causes of action.

DBNTC, though its agent, essentially relied on same the evidence and argument in this proceeding to support its Motion for Relief from the Automatic Stay.  DBNTC's interest in the property has been adjudicated before the Hon. Thomas Donovan and has been determined that DBNTC has no interest.  In an attempt to circumvent and misuse of legal process, DBNTC styled its motion as "Motion for Judgment on the Pleadings", when in fact, it is a motion to dismiss.

**A. First and Second Cause of Action Reliefs are Based on Finding of Facts In Prior Proceeding.**

As part of Plaintiff's Bankruptcy Case No. 6:10-bk-37900-TD, DBNTC status as a secured creditor has been determined in that DBNTC has no legal standing based on the chain of title evidence submitted and considered by this Court.  Plaintiff's adversary proceeding first and second cause of action essentially seeks a judicial judgment confirming such previous findings.  There was more than ample finding of facts by previous court to support Plaintiff's request for relief in the first and second cause of action without re-pleading facts that has been adjudicated.

/././

/././

-2-
_____
PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY.

Using Defendant's own authorities, facts in support of Plaintiff's first and second cause of action need not to be proven because they have been adjudicated and determined based on find of facts that DBNTC has no legal standing based on the chain of assignment before the Court.

**B. DBNTC'S Argument in Support of 3rd Cause of Action Essentially Confirming Prior Judicial Findings That It Is Not A Secured Creditor.**

DBNTC's own motion confirmed that Plaintiff alleged in his complaint that, on 09/20/2010, MERS assigned its beneficial interest in the Deed of Trust and the Note to DBNTC. Statutory damage and attorney fee applied when a new creditor, DBNTC, failed to notify debtor of such change in creditor. It is not MERS, as assignor, responsible to notify debtor of such change. Rather it DBNTC's responsibility. The assignment as judicially determined in prior proceeding occurred on or about 09/20/2010 and Plaintiff filed this adversary proceeding on or about 01/2011.

DBNTC concealed the purported assignment of Deed of Trust on or around 08/20/2009 in the prior proceeding. Worst yet, DBNTC intentionally withhold such critical evidence in its response to Subpoena. *See* Subpoena on Deutsche Bank National Trust Company in Bankruptcy Pacer Doc 54 and DBNTC responded with documents including Bates 00001-000052. *See also,* Plaintiff's RJN #4.

DBNTC's total disregard of such subpoena is apparent and the purported assignment of deed of trust must be disregarded in this proceeding. *See* Estate of Daily v. Lipipuna Assocs., 940 F.2d 1306 (9th Cir. 1991). Furthermore, DBNTC is collaterally estopped from taking different position in this proceeding.

Therefore, Plaintiff's third cause of action is fully supported by adjudicated fact.

**C. Plaintiff's Quiet Title Against DBNTC is Based on Adverse Claims and Required Judgment Based on Prior Judicial Findings.**

Plaintiff's Complaint clearly brought the finding of fact and conclusion of law that DBNTC has no legal standing based on chain of title before this Court and the Honorable Thomas B. Donovan previously. This adversary proceeding accompanied the case in chief, which is the bankruptcy case. DBNTC's status as a secured creditor within the bankruptcy code is at issue. Plaintiff's asset was part of the bankruptcy estate under the control of Bankruptcy trustee. In the

-3-

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT
DEUTSCHE BANK NATIONAL TRUST COMPANY.

context of bankruptcy proceeding, tender would be made as part of the bankruptcy estate if there is any. Furthermore, DBNTC claims adverse interest in the subject property and such interest has been judicially determined that DBNTC had none. Thus, the purpose of this adversary proceeding is to reduce such judicial determination to judgment.

## II.

## CONCLUSION

DBNTC's motion for judgment on the pleadings is essentially a sham. Plaintiff respectfully requests this court to deny DBNTC's motion and Granting Plaintiff's Motion for Judgment of the Pleadings, which is based on previous judicial finding of facts and conclusion of law that DBNTC has no legal standing in asserting its interest in Plaintiff's property.

Respectfully submitted.

Dated: April 19, 2011

_____
BY: GARY HARE
Attorney for BRIAN W DAVIES

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8700 Warner Avenue #200 Fountain Valley, California 92708

A true and correct copy of the foregoing document described **PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *April 19, 2011*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Gary L Harre**    ghcmecf@gmail.com
- **Andrew E Miller**    amiller@allenmatkins.com
- **Loraine L Pedowitz**    lpedowitz@allenmatkins.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Patricia J Zimmermann (TR)**    pjztrustee@aol.com, pzimmermann@ecf.epiqsystems.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *April 19, 2011,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 19, 2011 | Delores Jackson | /s/ Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FROM DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY.