```
 1  ANDREW E. MILLER (BAR NO. 213504)
    LORAINE L. PEDOWITZ (BAR NO. 120614)
 2  SARINA SALUJA (BAR NO. 253781)
    ALLEN MATKINS LECK GAMBLE
 3    MALLORY & NATSIS LLP
    515 South Figueroa Street, Ninth Floor
 4  Los Angeles, California 90071-3309
    Phone: (213) 622-5555
 5  Fax:  (213) 620-8816
    E-Mail:  amiller@allenmatkins.com
 6           lpedowitz@allenmatkins.com
             ssaluja@allenmatkins.com
 7
    Attorneys for Defendant
 8  DEUTSCHE BANK NATIONAL TRUST
    COMPANY
 9
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| In re | Case No. 6:10-BK-37900-SC |
|---|---|
| BRIAN W. DAVIES.. | Chapter 7 |
| BRIAN W. DAVIES, an Individual, | Adv. No. 6:11-AP-01001-sc |
| Plaintiff, | REPLY OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A-5, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED March 1, 2007, ITS ASSIGNS, AND/OR SUCCESSORS IN INTEREST; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-150, Inclusive, | Date:  May 3, 2011<br>Time:  1:30 p.m.<br>Ctrm:  5C<br>Judge:  Hon. Scott C. Clarkson<br><br>Complaint Filed:  January 11, 2011<br>Trial Date:       September 26, 2011 |
| Defendants. | |

## I. INTRODUCTION.

Plaintiff's Opposition merely reiterates one of his two legally invalid arguments in his own Motion for Judgment on the Pleadings, that (1) this Court's denial of OneWest's Motion for Relief from Stay for lack of standing, precludes Deutsche Bank from maintaining any claim in Plaintiff's bankruptcy case or from foreclosing on his real property in the wake of his mortgage loan default. (See Opposition 2:14-18, 2:21-26, 3:24-4:4.)

Plaintiff's contention that Deutsche Bank lacks standing is wrong and unsupported by any evidence. In fact, the only evidence relied on by Plaintiff (the Order denying the Motion for Relief of Stay), clearly states that "OneWest, and OneWest, as [servicing] agent for Deutsche Bank, Lack Standing." (See Plaintiff's Motion, 6:21-7:2; Defendant's Opposition Exhibit A.) It says nothing about Deutsche Bank lacking standing. Again, this adversary proceeding is against Deutsche Bank, not OneWest. (Id.)

In short, none of the facts stated in Plaintiff's Complaint support a cause of action against Deutsche Bank. Thus, Deutsche Bank respectfully requests that the Court grant its MJOP and dismiss Plaintiff's Complaint with prejudice.

## II. PLAINTIFF'S *RES JUDICATA* THEORY FAILS, AS A MATTER OF LAW.

Plaintiff argues that with respect to the Motion for Relief from Stay, "DBNTC's interest in the property has already been adjudicated before the Hon. Thomas Donovan and it has been determined that DBNTC has no interest." (See Opposition 2:15-16.) In other words, Plaintiff argues that the Court's Order denying OneWest's Motions for Relief from Stay has preclusive effect with respect to Deutsche Bank's standing as a secured creditor in the Bankruptcy Case, and its right to foreclosure on the Property. Plaintiff is mistaken.

The doctrine of *res judicata* bars a party from bringing a claim if a court of competent jurisdiction has rendered a *final judgment on the merits of the claim* in a previous action involving the same parties. In re Int'l Nutronics, Inc., 28 F.3d 965,

969 (9th Cir. 1994). Despite Plaintiff's contention, the denial of a motion for relief from stay is *not* a final judgment on the merits of a claim. See <u>In re Johnson</u>, 756 F.2d 738, 740 (9th Cir. 1985) ("Stay litigation is limited ... The validity of the claim or contract ... underlying the [bankruptcy] claim is *not litigated* during the hearing [on a motion for relief from stay].") (emphasis added); <u>Barrientos v. 1801-1825 Morton LLC</u>, 583 F.3d 1197, 1216 (9th Cir. 2009) (Same.); <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 32 (1st Cir. 1994) ("[T]he hearing on a motion for relief from stay is meant to be a summary proceeding ... [t]he limited grounds set forth in the statutory language ... combined with the preliminary, summary nature of the relief from stay proceedings, have led most courts to find that *such hearings do not involve a full adjudication on the merits of claims...*") (emphasis added); <u>County Fuel Company, Inc. v. Equitable Bank Corp.</u>, 832 F.2d 290, 293 (4th Cir. 1987) (For the purposes of a relief from stay hearing, "*the merits of claims are not in issue...*") (emphasis added).

Not only was the denial of the Motion for Relief from Stay for lack of standing not a final judgment on the merits, but the Bankruptcy Court found that *OneWest* and *OneWest, as servicing agent for Deutsche Bank* lacked standing, not Defendant Deutsche Bank itself. Thus, the denial of the Motion for Relief of Stay did not even involve the same parties.

There has therefore been no final judgment on the merits of Deutsche Bank's claim as a creditor in Plaintiff's Bankruptcy Case, nor on its right to enforce the Deed of Trust and foreclose upon the Property. Consequently, Plaintiff may not rely on *res judicata* or any related preclusion doctrine, because Deutsche Bank's rights relevant to this action and Plaintiff's Bankruptcy Case have not been adjudicated. There has been no such adjudication, and Plaintiff's argument fails.

### III. **THE COMPLAINT FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED.**

Plaintiff presents no real opposition to the Deutsche Bank's MJOP aside from the legally meritless theory addressed above. The facts remain that the Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8 and states no claims for relief against Deutsche Bank.

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "short and plain statement" setting forth each claim for relief against each defendant. Put simply, Fed. R. Civ. P. 8 requires that a claim be stated with sufficient clarity to advise a defendant of the issues he is to meet and defend. Aschcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). Where a complaint fails to meet this standard, it may be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b). See Schmidt v. Herrmann, 614 F.2d 1221, 1223 (9th Cir. 1980).

As more specifically detailed in Deutsche Bank's MJOP, the Complaint is entirely devoid of any factual or legal basis to support any of the following causes of action asserted in the Complaint for: (1) Declaratory Relief to Determine Interest in Property; (2) Declaratory Relief to Determine Status of Deutsche Bank Claim; (3) 15 U.S.C. § 1641(g); (4) Fraud in Conveyance; (5) Libel; and (6) Quiet Title against Deutsche Bank. Each and every cause of action should be dismissed with prejudice.

///
///
///
///
///
///
///
///

## IV. CONCLUSION.

Plaintiff's complaint is nothing more than a groundless foreclosure avoidance action. The Court should grant Deutsche Bank's Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint, with prejudice.

Dated: April 26, 2011

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
ANDREW E. MILLER
LORAINE L. PEDOWITZ
SARINA SALUJA

By: /s/ Andrew E. Miller
  ANDREW E. MILLER
  Attorneys for Defendant
  DEUTSCHE BANK NATIONAL TRUST COMPANY

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 515 South Figueroa Street, Ninth Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as

REPLY OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 26, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Gary L Harre    ghcmecf@gmail.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Patricia J Zimmermann (TR)    pjztrustee@aol.com, pzimmermann@ecf.epiqsystems.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 26, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via FedEx
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Central District of California
411 West Fourth Street, Room 5C
Santa Ana, CA 92701

1  continued on attached page                              ☐ Service information

2  **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION
3  OR EMAIL** (indicate method for each person or entity served): Pursuant to
   F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s)
4  and/or entity(ies) by personal delivery, or (for those who consented in writing to
   such service method), by facsimile transmission and/or email as follows. Listing the
5  judge here constitutes a declaration that personal delivery on the judge will be
   completed no later than 24 hours after the document is filed.
6
                                                           ☐ Service information
7  continued on attached page

8  I declare under penalty of perjury under the laws of the United States of America
   that the foregoing is true and correct.
9
   April 26, 2011         Marcella Lyons            /s/ Marcella Lyons
10  Date                   Type Name                 Signature

11

12

...

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

891873.01/LA

-6-

DEUTSCHE BANK'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS